IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Duren,                                      )<br>                                                              )<br>                           Plaintiff,           )<br>                                                              )<br>v.                                                         )<br>                                                              )<br>S.C. Supreme Court; Judge Jean Toal; Judge )<br>Kaye Hearn; S.C. Court of Appeals; S.C. Atty )<br>Gen.; S.C.D.C.; Judge Alison Lee; Judge Casey )<br>Manning; Kershaw County; Richland County; )<br>Attorneys McKinnley, *and their firm*; Erin )<br>Farrell Farthing; Meghan Hall; Attorney Thomas )<br>Morgan, Jr.; The United States; Paul Gunter; )<br>Kristy Khol; Officer Meggett; The 193 Member )<br>States of The United Nations; All States Whose )<br>Indictments Possess Structural Error, *Argued in* )<br>*Case 8:14-cv-3555-RBH-JDA*, *Both State and* )<br>*Federal, as well as their attorney Generals or* )<br>*Federal Attorneys*; All U.S. States or Territories )<br>That Allow Same Sex Marriage; All Defendants ))<br>Listed and Mentioned, *in Cases 8:14-cv-3555-* )<br>*RBH-JDA, 1:15-cv-4005 (GA), 2013-CP-400-* )<br>*084, 2294 in Richland County*; Judge Jacquelyn )<br>D. Austin; Attorney Settania, *and their Firm*; )<br>Dubose - Robinson PC; Warden Bush; Judge )<br>RBH,                                                  )<br>                                                              )<br>                           Defendants.      )<br>_____ ) | C/A No. 0:16-1425-TMC<br><br><br><br>**ORDER** |

Plaintiff, a state prisoner, filed this civil action along with four other state prisoners, all proceeding *pro se*. *Sutcliffe v. South Carolina Supreme Court*, C/A No. 0:16-cv-992. By Order dated May 4, 2016, the Court directed that this action shall pertain only to Plaintiff, and that the other listed plaintiffs shall be terminated. (ECF No 1.) Also, by Order dated May 18, 2016, the Court informed Plaintiff that his filing was not in proper form for initial review by the Court, and gave Plaintiff an opportunity to provide the necessary information and paperwork to bring the case

into proper form for evaluation and possible service of process. (ECF No. 9.) Plaintiff was warned that failure to provide the necessary information within the time set forth in the Order would subject the case to dismissal. *Id.* The time to bring this case into proper form now has lapsed.

In that time, Plaintiff filed numerous motions and supplemental materials unrelated to the Court's May 18th Order.[1] Reviewing these filings, the Court notes Plaintiff has filed a standard complaint form. (ECF No. 21.) However, despite Plaintiff being instructed to raise only his own § 1983 claims, this complaint continues to list several plaintiffs (ECF No. 21 at 1, 3-5.) Additionally, Plaintiff has not paid the filing fee or moved to proceed *in forma pauperis*, as directed by the court's May 18th Order. (ECF No. 9.) Plaintiff failed to comply with the court's instructions to complete and return a standard complaint form and pay the filing fee, or move to proceed *in forma pauperis*. Therefore, this case is **DISMISSED** *without prejudice* pursuant to Rule 41 of the Federal Rules of Civil Procedure and all pending motions are terminated. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

**IT IS SO ORDERED**.

August 11, 2016                                                s/Timothy M. Cain
Anderson, South Carolina                                United States District Judge

---

[1] Plaintiff moved to name the undersigned as a defendant in this action, stating his displeasure with the Court's May 18th Order. (ECF No. 36.) Plaintiff also moved for the recusal of the assigned Magistrate Judge in this case, arguing he "waived" any use of a Magistrate Judge. *Id.* Plaintiff does not provide, and the Court is not aware of any basis upon which recusal or disqualification of the assigned Magistrate Judge or the undersigned would be appropriate in this matter. *See generally* 28 U.S.C. § 455; *Nakell v. Attorney Gen. of N.C.*, 15 F.3d 319, 325 (4th Cir. 1994) ("[A] judge must be presumed to be qualified, and there must be a substantial burden upon the affiant to show grounds for believing the contrary."); *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him."). Accordingly, the undersigned finds there is no basis for his disqualification from this matter.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.